## THE BOARD OF COMMISSIONERS OF NORTON COUNTY v. FRANCIS M. SNOW.

COUNTY TREASURER — *Salary* — *Void Statute.* Section 7 of chapter 138, Laws of 1889, is unconstitutional and therefore void, because it is in contravention of ¿ 16, article 2, of the constitution of the state, which provides that "No bill shall contain more than one subject, which shall be clearly expressed in its title."

*Error from Norton District Court.*

THE opinion states the case. Judgment for defendant *Snow,* at the February term, 1890. The plaintiff *County Board* brings the case here.

*L. H. Thompson,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: By the provisions of chapter 157, Laws of 1887, the salary of the county treasurer of Norton county is fixed at $1,200 per annum. In April, 1889, Francis M. Snow, the county treasurer of that county, under the claim that said chapter 157 had been repealed by chapter 138, Laws of 1889, received from the county salary in excess of that allowed by the act of 1887. This was an action in the court below by the board of county commissioners of Norton county to recover from Snow, the county treasurer, the sum of $100, alleged to have been illegally received by him as salary. No brief has been filed on the part of the county treasurer, but it seems from the record that the trial court decided that chapter 157 had been repealed, and therefore is no longer of any force.

The title of said chapter 157 is as follows: "An act to regulate the salaries of county clerk and county treasurer in Norton county, and to repeal chapter one hundred and thirteen of the Session Laws of 1877, entitled 'An act to regulate the salaries of county clerk and county treasurer in certain counties therein named.'" The title of said chapter 138, Laws of 1889, is: "An act regulating the fees and salaries of the county treasurer, county clerk, county attorney, probate judge and register of deeds of Dickinson county, Kansas, and to repeal chapter 157 of the Session Laws of 1887." Section 7 of said chapter 138 reads: "That chapter 157 of Session Laws of 1887 be and the same is hereby repealed."

We think that said § 7, of said chapter 138, is unconstitutional and therefore void, under § 16, article 2, of the constitution of the state, which ordains that "No bill shall contain more than one subject, which shall be clearly expressed in its title." Norton county is not named in the title or the body of said chapter 138, and the ordinary impression one would receive from reading the provisions of said chapter 138 is, that said § 7 of said chapter repeals some act affecting the fees and salaries of the county officials of Dickinson county, not

Norton county, or any other county. Nothing relating to Norton county is clearly expressed in the title.

Again, two subjects are contained in said chapter 138. The title does not refer to Norton county, and the body of the act does not purport to fix the fees for the county officials of Norton county, but § 7, of said chapter 138, repeals chapter 157 of the Laws of 1887, and, therefore, is a wholly different matter from fixing the salaries of the county officials of Dickinson county.

The judgment of the district court will be reversed, and the cause remanded with directions to the court to overrule the demurrer and proceed with the case.

All the Justices concurring.